IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-82-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | **PRELIMINARY ORDER OF** |
| ) | **FORFEITURE** |
| DONNIE LEE PHILLIPS, II, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Before the court is the Government's Motion for Issuance of Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 981(a)(1)(c) and 982(a)(7). [DE 20].

On December 11, 2015, Defendant was charged in a two-count criminal information[1] with conspiracy to commit health care fraud, 18 U.S.C. § 1349 (count one) and aggravated identity theft and aiding and abetting, 18 U.S.C. §§ 2, 1028A(a)(1) (count two). On January 4, 2016, Defendant entered into a Memorandum of Plea Agreement as to both counts and agreed, *inter alia*, to "voluntarily forfeit and relinquish to the United States" the following: (1) 2007 Chevrolet Avalanche, VIN: 3GNEC12JX7G174034; (2) 2009 Glastron Boat, Hull ID: GLA660891809, Registration #7197DP; (3) 2009 Ezlo Boat Trailer, VIN: 1L8AAFMG79A055529; and (4) all documents, computers, peripherals. *See* Mem. Plea Agreement ¶ 2(e). By virtue of the Memorandum of Plea Agreement and Defendant's agreement therein, the court finds the United States is entitled to possession of said property pursuant to 21 U.S.C. § 853.

---

[1] The Government's motion erroneously states that Defendant was charged in a three-count criminal information. *See* Gov't's Mot. ¶ 1.

Accordingly, it is ORDERED as follows:

(1) The Government's motion [DE 20] is ALLOWED;

(2) The United States is authorized to seize the above-stated property, and that property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). This Order is now final as to the defendant.[2]

(3) Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment;[3]

(4) The United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4);[4]

(5) Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier. The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought;[5] and

(6) Upon adjudication of all third party interests, the court shall enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED.

This the 13th day of June, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[2] See FED. R. CRIM P. 32.2(b)(4)(A) (stating a preliminary forfeiture order is final as to the defendant at "sentencing – or at any time before sentencing if the defendant consents . . . .").

[3] See FED. R. CRIM. P. 32.2(b)(4)(B).

[4] See 18 U.S.C. § 853(n)(1).

[5] See 18 U.S.C. § 853(n)(2)-(3).